IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICO ISAIH HAIRSTON,,

    Petitioner,

    v.                                      CASE NO.  2:16-cv-768

MARK HOOKS,                      JUDGE GEORGE C. SMITH

                                                      Magistrate Judge Kemp

    Respondent.

## REPORT AND RECOMMENDATION

    Petitioner, formerly a state prisoner, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court for an initial review, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief, the judge must dismiss the petition ...." For the following reasons, it will be recommended that this motion be dismissed under Rule 4 because it is plain that Petitioner is not entitled to relief.

    Although Petitioner raises several claims in his petition, all of them concern the length of his sentence.  In brief, after he was originally sentenced by the Franklin County, Ohio Court of Common Pleas to a term of imprisonment of seventeen months as a result of a revocation of community control, Petitioner moved to be granted credit

for an additional 109 days of jail-time credit. The state court granted him only 19 days, however. According to the website of the Ohio Department of Rehabilitation and Correction, Petitioner was released from prison on August 28, 2016, which was 24 days after he signed his petition. The Court's docket confirms, via a change of address requested by Petitioner (Doc. 4), that he is no longer in custody.

There are a number of flaws in the petition, including the fact that Petitioner did not appeal the order granting him fewer days of jail-time credit than he asked for. However, the fact that Petitioner has now served the sentence moots his request for habeas corpus relief.

Some cases in which a prisoner asks for habeas corpus relief are not mooted by the petitioner's release from custody. If a petitioner attacks the conviction itself, relief from the Court would not only eliminate the conviction but all of the "collateral consequences" flowing from it, like post-conviction supervision and loss of civil rights. *See, e.g., Carafas v. LaVallee*, 391 U.S. 234, 237 (1968). But when only the length of the sentence is at issue, once that sentence has been served, any relief granted by the Court would be meaningless. *See Lane v. Williams*, 455 U.S. 624, 631 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot"); *see also Nash v. Bradshaw*, 2015 WL 5057638, *6 (N.D. Ohio Aug. 25, 2015)(holding that a claim for jail-time credit under Ohio law is not a federal claim that can be properly raised in federal habeas corpus, but that even if it were, "the claim is now moot as a result of [Petitioner]'s release from

prison"). As the Court of Appeals for the Third Circuit explained in *Constant v. Lindsay*, 473 Fed.Appx. 109, 110 (3d Cir. March 20, 2012), when a sentence that is under attack has expired, "a favorable decision ... would not afford [Petitioner] the relief that he sought.". Consequently, even though Petitioner did not exhaust or otherwise avail himself of state court remedies, including an appeal from the trial court's decision - which is specifically allowed under Ohio law, *see State ex rel. Brown v. Summit Co. Court of Common Pleas*, 99 Ohio St.3d 409 (2003) - his claim is simply moot and the case should be dismissed for that reason.

For the reasons stated above, it is recommended that the petition be **DENIED** and that this case be **DISMISSED**.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ Terence P. Kemp
    United States Magistrate Judge